**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FRANCINE GUARINO,<br><br>    Plaintiff,<br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a Political Subdivision of the STATE OF NEVADA; OFFICER SHANNON ROHRBAUGH, #9013; OFFICER M. LAYTHORPE, #5448; OFFICER D. BROTHERSON, #4931; OFFICER K. COLLMAR, #6965; DETECTIVE J. BANGLE, #4677; DETECTIVE K. TOMASO, #6848; DETECTIVE D. FREEMAN #4487; DETECTIVE R. TUSKO, #4515; DOE POLICE OFFICERS I–XX; ROE CORPORATIONS I–X, and JOHN DOES I–X; inclusive,<br><br>    Defendants. | Case No.: 2:13-cv-02135-GMN-NJK<br><br>**ORDER** |

  Pending before the Court is the Motion for Partial Summary Judgement (ECF No. 33) filed by Defendants Las Vegas Metropolitan Police Department, Officers Rohrbaugh, Laythorpe, Brotherson, Collmar, and Detectives Bangle, Tomaso, Freeman, and Tusko (collectively "Defendants"). Plaintiff Francine Guarino ("Plaintiff") filed a Response (ECF No. 44) and also filed a Counter Motion for Summary Judgement (ECF No. 45). Defendants filed a Reply to Plaintiff's Response (ECF No. 46) and a Response to Plaintiff's Counter Motion for Summary Judgement (ECF No. 47), to which Plaintiff has filed a Reply (ECF No. 50). For the reasons discussed below, the Court **GRANTS** Defendants' Motion for Partial Summary Judgment and **DENIES** Plaintiff's Counter-Motion for Summary Judgment.

## I.　BACKGROUND

This case arises out of a traffic accident on May 8, 2013 between Plaintiff and LVMPD Officer Shannon Rohrbaugh ("Rohrbaugh"). (Compl., Ex. B to Notice of Removal ¶¶ 14–18, ECF No. 1). Plaintiff alleges that after she drove through a green light, passing the intersection of Durango Drive and the Summerlin Parkway exit, Rohrbaugh ran the red light coming from the Summerlin Parkway exit and struck the front right of her vehicle with his motorcycle. (*Id.* ¶ 16). Officers Laythorpe, Brotherson, Collmar, and Detectives Bangle, Tomaso, Freeman, and Tusko of the Fatal Traffic Unit (collectively the "Defendant Officers") investigated the scene. (*Id.* ¶¶ 17–18). Plaintiff initially contended in the Complaint that LVMPD detained her for approximately three and a half hours, but later conceded in her Reply that the time period was closer to two-and-a-half hours. (*Id.* ¶ 18; Plaintiff's Reply, 2:15–17, ECF No. 45). During this time, Plaintiff was not allowed to speak with her boyfriend or daughter, who were on the other side of the police tape. (Plaintiff's Reply, 4:25–27, ECF No. 45).

　　The accident occurred at approximately 1:40 PM. (Pl. Depo., Ex. A to Def. MPSJ 40:18–20, ECF No. 33-2). Plaintiff remained in her car for approximately 30 minutes, waiting for the arrival of police officers. (*Id*. 40:21–23). At approximately 2:10 PM, officers made contact with Plaintiff and escorted her to the sidewalk. (*Id.* 40:23–41:22). The officer who escorted Plaintiff to the sidewalk never questioned her. (*Id.* 41:25–42:2). At some time while Plaintiff was standing on the sidewalk, Detective Bangle of the Fatal Traffic Unit made contact with Plaintiff and told her that the investigation might take a while, and asked if she would provide a voluntary statement, to which Plaintiff agreed. (Bangle Depo., Ex. H to MPSJ 67:5–70:4, ECF No. 33-2). Detective Bangle never told Plaintiff that she could not leave, but Plaintiff contends that an unidentified officer told her she could not leave until she provided her voluntary statement. (*Id.*; Pl. Depo., Ex. A to MPSJ 42:23–43:21, ECF No. 33-2). Plaintiff admits that she was never threatened and that the officer with her on the sidewalk simply stood

next to her, and Plaintiff does not dispute that the Defendant Officers never used physical force to restrain her. (Pl. Depo., Ex. A to MPSJ 42:23–43:21, ECF No. 33-2).  From 3:52 PM to approximately 4:10 PM, Plaintiff provided her voluntary statement to Detective Bangle, after which Plaintiff left the scene. (*Id.*).

On October 11, 2013, Plaintiff filed the Complaint in state court alleging negligence, negligence per se, false imprisonment, and violation of her Fourth Amendment rights pursuant to 42 U.S.C. § 1983. (Compl., Ex. B to Not. of Removal ¶¶ 19–67, ECF No. 1).  Defendants subsequently removed the case to this Court on November 18, 2013. (Not. of Removal, ECF No. 1).  On July 21, 2014, this Court granted Defendants' Partial Motion to Dismiss (ECF No. 5), dismissing Plaintiff's *Monell* claim against LVMPD and Plaintiff's claims against Sheriff Doug Gillespie. (Order, 11:8–15, ECF No. 28).  The parties subsequently filed the current pending motions.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. DISCUSSION

#### A. Defendants' Motion for Partial Summary Judgement

In their Motion for Partial Summary Judgment, Defendants are seeking summary judgment on Plaintiff's Third Cause of Action for false imprisonment and Fourth Cause of Action for violation of Fourth Amendment rights pursuant to 42 U.S.C. § 1983. (MPSJ, 3:21–22, ECF No. 33).

##### 1. Plaintiff's Third Cause of Action for False Imprisonment

Defendants assert that they are entitled to summary judgement on Plaintiff's false imprisonment claim because Plaintiff was not detained under threat of force and because Nevada Revised Statute § 484E.010 and Nevada Revised Statute § 484E.030 legally require that the driver in an accident resulting in personal or property damage remain on the scene. (MPSJ, 4:5–7, ECF No. 33).

Under Nevada law, false imprisonment is the "unlawful violation of the personal liberty of another, and consists in confinement or detention without sufficient legal authority." Nev. Rev. Stat. § 200.460.  To establish a claim of false imprisonment, it is necessary to prove that the person was restrained of his or her liberty under probable imminence of force without any legal cause or justification. *Goodman v. Las Vegas Metropolitan Police Dept*., 963 F.Supp.2d 1036, 1061 (D. Nev. 2013).  An individual's "submission to the mere verbal direction of another, unaccompanied by force or threats of any character, does not constitute false imprisonment." *Lerner Shops of Nevada, Inc. v. Marin*, 423 P.2d 398, 400 (Nev. 1967).

Here, Plaintiff admits that she was never threatened and does not dispute that the Defendant Officers never used physical force in order to confine Plaintiff to the scene of the accident. *See* (Pl. Depo., Ex. A to MPSJ 42:18–46:20, ECF No. 33-2).  The only means allegedly used by Defendants to detain Plaintiff at the scene was a statement made to Plaintiff by an unidentified officer that she could not leave until she provided her voluntary statement. (*Id.*).  Therefore, because mere submission to verbal direction without the threat of force cannot give rise to a claim of false imprisonment in Nevada, Plaintiff's claim fails on that ground. Moreover, in this case, there was a legal justification for the Defendants Officers' directing Plaintiff to remain at the scene.  Nevada Revised Statutes §§ 484E.010 & 484E.030 create a duty for any driver who is involved in an accident that causes death or injury to remain at the scene and to give any necessary information and to render aid. Nev. Rev. Stat. §§ 484E.010 & 484E.030.  Accordingly, an officer's informing Plaintiff of her legal obligation to remain at the scene could not give rise to a false imprisonment claim.[1]

### 2. Plaintiff's Fourth Cause of Action for Violation of her Fourth Amendment Rights Pursuant to § 1983

Defendants assert they are entitled to summary judgment on Plaintiff's Fourth Cause of Action for violation of her Fourth Amendment rights because Plaintiff failed to allege any actual constitutional violation. (MPSJ, 3:23–26, ECF No. 33).  Defendants also contend that

---

[1] In her response brief and countermotion, Plaintiff argues that the Defendants Officers' detention of her at the scene of the accident was *per se* false imprisonment because Nevada Revised Statute § 171.123 limits the length of time an officer may detain a person to sixty minutes. (Plaintiff's Response 2:18–24, ECF No. 45).  However, the statute cited by Plaintiff limits the period of time an officer may detain persons suspected of criminal behavior or of violating conditions of parole or probation. Nev. Rev. Stat. § 171.123.  The statute does not apply here because the Defendant Officers did not detain Plaintiff under suspicion that she was committing a crime or violating parole or probation.  Rather, Plaintiff was directed to stay on the scene of an accident until she was able to provide her voluntary statement to the investigators as required under Nevada Revised Statutes §§ 484E.010 and 484E.030.  Accordingly, there was no violation of Nevada Revised Statute § 171.123 and no *per se* false imprisonment.

even if this court concludes that there is a constitutional violation, the doctrine of qualified immunity should apply to bar the claim. (*Id*. 3:23–4:4).

### a. There Was No Violation of a Constitutional Right

To successfully bring a § 1983 claim, a plaintiff must allege (1) a violation of a constitutional right and (2) must show that the alleged violation was committed by "a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). Further, "[section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). There is no dispute that the Defendant Officers were acting under the color of the law when they conducted the investigation into the accident. However, Defendants assert that there was no violation of Plaintiff's constitutional rights.

The Fourth Amendment protects "[t]he right of the people … against unreasonable searches and seizures." U.S. CONST. amend. IV. To show that LVMPD violated this Fourth Amendment right, Plaintiff would have to demonstrate that her encounter with Defendants constituted a "seizure" of her person. *See Florida v. Bostick*, 501 U.S. 429, 434 (1991). A Fourth Amendment violation occurs when an encounter between police and an individual "loses its consensual nature," i.e. when an officer uses "'physical force or show of authority'" to "'restrain[] the liberty of a citizen.'" *Id*. (quoting *Terry v. Ohio*, 392 U.S. 1, 19, n.16 (1968)). The "ultimate touchstone of the Fourth Amendment is 'reasonableness.'" *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006).

First, even after construing all facts in favor of Plaintiff, nothing in the record indicates that the Defendant Officers acted unreasonably in directing Plaintiff to remain at the scene of the accident until she had been interviewed. All total, Plaintiff remained at the scene for approximately two-and-a-half hours, and was only in the presence of police officers for

approximately two hours of that time. (Pl. Depo., Ex. A to MPSJ 40:18–44:8, ECF No. 33-2) (asserting that she was detained from about 2:00 PM until 4:30 PM); *see also* (Pl. Interview Transcript, Ex. I to MPSJ at 1, 11, ECF No. 33-2) (showing that Plaintiff's interview began at 3:52 PM and ended at 4:08 PM). Plaintiff was never threatened and the officer with her on the sidewalk simply stood next to her and, according to Plaintiff, "was just keeping [her] company, just making small talk with [her]." (Pl. Depo., Ex. A to MPSJ 42:23–43:21, ECF No. 33-2). During the two hours that the Defendant Officers were at the scene, they interviewed the other witnesses, took photographs, and interviewed Plaintiff. (*Id.*; Bangle Depo., Ex. H to MPSJ, ECF No. 33-2). Once her interview was over, Plaintiff was free to leave. (Pl. Depo., Ex. A to MPSJ 42:23–43:21, ECF No. 33-2). Given the severity of the accident and the number of witnesses at the scene, the Defendant Officers' actions in telling Plaintiff to remain at the scene until she was interviewed and in taking approximately two hours to conduct an investigation were reasonable. *See Schneider v. Merritt*, 244 Fed. Appx. 778 (9th Cir. 2007) (holding that it was constitutional for accident investigators to detain drivers at the scene of an accident until the investigation was completed under a similar California statute). Accordingly, there was no unlawful seizure.[2]

### b. The Doctrine of Qualified Immunity Applies

Even if Plaintiff's Fourth Amendment claim would otherwise survive summary judgment, the Court also finds that Defendants are entitled to qualified immunity on this claim.

---

[2] Again citing Nevada Revised Statute § 171.123, Plaintiff asserts that her detention at the scene of the accident for longer than 60 minutes was a *per se* Fourth Amendment violation. Plaintiff, however, is again incorrect. Not only is that statute inapplicable to this situation as explained above, but no state law can define the reasonableness of a seizure under the Fourth Amendment of the United State Constitution. *See United States v. Becerra-Garcia*, 397 F.3d 1167, 1173 (9th Cir. 2005). "[T]he test of whether a search or seizure violates the Fourth Amendment 'is one of federal law, neither enlarged by what one state court may have countenanced, nor diminished by what another may have colorably suppressed.'" *Id.* at 1174 (quoting *Elkins v. United States*, 364 U.S. 206, 224 (1960)). Accordingly, a state statute cannot create a time limit after which a detention is *per se* a violation of the United States Constitution. *See id.* at 1173. Therefore, Plaintiff's assertion that a violation of the 60-minute time limit under Nevada Revised Statute § 171.123 is *per se* unreasonable is without merit.

*See Goodman*, 963 F.Supp.2d at 1058 (noting that even when a plaintiff has provided sufficient basis for a claim of a violation of a constitutional right under § 1983, the government officials may raise the affirmative defense of qualified immunity).  When a law enforcement officer asserts the defense of qualified immunity from liability for Fourth Amendment violations, the court must determine whether, in light of clearly established principles governing the conduct in question, the officer objectively could have believed that his conduct was lawful. *Id*.  A government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right. *Id*. (citing *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011)).

The court should conduct this analysis by examining "the most analogous case law that existed" when the officers detained Plaintiff. *Mattos v. Agarano*, 661 F.3d 433, 446 (9th Cir. 2011).  While the deciding court does not require a case directly on point, existing precedent must have placed the constitutional question beyond debate for purposes of determining, under qualified immunity analysis, that the constitutional right violated was clearly established at the time of the conduct. *Id*. at 442.

The most analogous case the present action appears to be Ninth Circuit opinion in *Schneider v. Merritt*, 244 Fed. Appx. 778.  In *Schneider*, there was a collision between a police officer and a civilian, and the officers investigating the accident detained Schneider in her vehicle for an hour to an hour and a half before she was allowed to leave. *See* Plaintiff-Appellant Op. Br. at 7–8, *Schneider v. Merritt*, 244 Fed. App'x 778 (9th Cir. 2007), 2005 WL 3517474.  The court found that the period of detention following the collision was "reasonable and justified under California law." *Schneider*, 244 Fed. App'x at 780.  The California law in question in that case was Cal. Veh. Code § 20001(a) which provides: "The driver of any vehicle involved in an accident resulting in injury … or in death of any person shall

immediately stop the vehicle at the scene of the accident and shall fulfill the requirements of Sections 20003 and 20004." *Id*. The California law and Nevada Revised Statutes §§ 484E.010 & 484E.030 are very similar and, because it was held by the Ninth Circuit that detention in a vehicle of approximately an hour and half during the investigation of an accident is reasonable under the California law, then it logically follows that the Defendant Officers here could have objectively believed that it was reasonable to direct Plaintiff to remain at the scene for approximately two hours. Accordingly, the Defendants Officers are entitled to qualified immunity on Plaintiff's Fourth Amendment claim.

### B. Plaintiff's Untimely Counter-Motion for Summary Judgement

For the reasons articulated above in granting Defendants' Motion for Partial Summary Judgment on Plaintiff's third and fourth causes of action, Plaintiff's untimely Countermotion for Summary Judgment on these claims, which was filed over two months after the dispositive motions deadline, is denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Summary Judgment (ECF No. 33) is **GRANTED** and Plaintiff's Counter-Motion for Summary Judgment (ECF No. 45) is **DENIED**. Defendants are granted summary judgment on Plaintiff's claims for false imprisonment and violations of her Fourth Amendment rights.

**DATED** this 12th day of June, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge